IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LAURA KOZEMPEL,                  :       CIVIL ACTION
                  Plaintiff,     :       NO. 10-6839
                                 :
        v.                       :
                                 :
GRAND VIEW HOSPITAL,             :
                  Defendant.     :

## MEMORANDUM

**JONES, II, J.**                                        **March 30, 2011**

Plaintiff Laura Kozempel brings this employment discrimination action against Grand

View Hospital ("Grand View"), alleging that Grand View discriminated and retaliated against

her in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), the

Americans with Disabilities Act, 42 U.S.C. §§ 121010 *et seq.* ("ADA"), the Family and Medical

Leave Act, 29 U.S.C. §§ 2601 *et seq.* ("FMLA"), and the Pennsylvania Human Relations Act, 43

P.S. §§ 951 *et seq.* ("PHRA"). Ms. Kozempel's Complaint seeks compensatory and punitive

damages on all claims.

Grand View has filed a motion to dismiss or strike Plaintiff's Complaint in part,

specifically Ms. Kozempel's demands for compensatory and punitive damages as they relate to

her FMLA and ADA retaliation claims, and for punitive damages as they relate to her PHRA

claims (Dkt. No. 7 ("Motion")). In her opposition brief (Dkt. No. 8 ("Opp.")), Ms. Kozempel

concedes that she is not entitled to compensatory or punitive damages with respect to her FMLA

retaliation claim, nor to punitive damages with respect to her PHRA claims; she voluntarily

withdraws said demands. (Opp. at 2 n.1.)[1] Ms. Kozempel maintains, however, that she is

entitled to punitive and/or compensatory damages under the ADA retaliation claim. For the

reasons set forth below, I will grant Grand View's motion and strike Ms. Kozempel's demands

for punitive and compensatory damages under her FMLA and ADA retaliation claims, as well as

her demand for punitive damages under her PHRA claims.

## I.    STANDARD OF REVIEW

In this case, the Court must assess whether the ADA retaliation claim for compensatory and

punitive damages set forth in the Complaint fails to state a claim upon which relief may be granted.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations

as true, construe the complaint in the light most favorable to the plaintiff, and determine whether,

under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v.

County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation and citation omitted).

After the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007),

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice." *Ashcroft v. Iqbal*, ---U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[1]As such, the Court need not address the issue of compensatory and/or punitive damages under Ms. Kozempel's FMLA retaliation claim, or punitive damages under her PHRA claims, other than to note that it accepts Ms. Kozempel's withdrawal of those demands. *See Churchill v. Star Enterprises*, No. 97-3527, 1998 WL 254080, at *6 (E.D. Pa. Apr. 17. 1998) ("FMLA "clearly limits the types of recovery allowed under the FMLA" and "[e]motional damages, pain and suffering, are not compensable under this Act"), *aff'd* 183 F.3d 184 (3d Cir. 1999); *Brown v. Nutrition Mgmt. Services Co.*, No. 06-2034, 2009 WL 222352, at *3-4 (E.D. Pa. Jan. 29, 2009), *aff'd in relevant part*, 370 Fed. App'x 267, 270 (3d Cir. Mar. 17, 2010 (no recovery of compensatory or punitive damages under FMLA); *Gagliardo v. Connaught Laboratories, Inc.*, 311 F.3d 565, 570 (3d Cir. 2002) (punitive damages not available under PHRA).

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). This standard, which applies to all civil cases, "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949; a*ccord Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009) ("All civil complaints must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotation omitted).

## II.    DISCUSSION

The ADA has four subchapters. The first sub-chapter addresses employment, the second relates to the provision of public services, and the third applies to public accommodations and services provided by private entities. Each of these subchapters provides for its own remedies. The fourth subchapter includes miscellaneous sections, including the anti-retaliation provision at issue in this case. *See, e.g.*, *Santana v. Lehigh Valley Hosp. and Health Network, et al.*, No. 05-1496, 2005 WL 1914654, at *1 (E.D. Pa. Aug. 11, 2005) (unpublished) (discussing ADA structure).

The ADA does not specify the substantive remedies available to plaintiffs suing on retaliation grounds; however, subsection (c) of the retaliation provision adopts the remedies set forth in each of the first three subchapters. *See Shellenberger v. Summit Bancorp., Inc.*, No. 99-5001, 2006 WL 1531792, at *2 (E.D. Pa. June 2, 2006) (unpublished) (citing 42 U.S.C. §§ 12117, 12133, 12188). Section 12203 states:

> (a) Retaliation. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.
>
> ....

Remedies and Procedures. The remedies and procedures available under sections 107, 203, and 308 of this title [42 U.S.C. §§ 12117, 12133, and 12188 respectively] shall be available to aggrieved persons for violations of subsections (a) and (b) of this section, with respect to subchapter I, subchapter II and subchapter III, respectively.

*Id.* § 12203.

Ms. Kozempel claims that she was retaliated against in connection with her employment, and therefore, the remedies available under Subchapter I are applicable here. The remedies provision under Subchapter I, § 12117, applies those remedies set forth in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5. Section 2000e-5 does not allow for compensatory and punitive damages. *Santana*, 2005 WL 1914654, at *1.

The Civil Rights Act of 1991, 42 U.S.C. § 1981a(a)(2), however, expanded the remedies available in certain ADA cases to include compensatory and punitive damages. Section 1981a(a)(2) provides:

In an action brought by a complaining party under the powers, remedies, and procedures set forth in section 706 ... of the Civil Rights Act of 1964 [42 U.S.C. § 2005e-5] (as provided in section 107(a) of the Americans with Disabilities Act of 1990 (42 U.S.C. § 12117(a)) ... ) against a respondent who engaged in unlawful intentional discrimination ... under ... section 102 of the Americans with Disabilities Act of 1990 (42 U.S.C. § 12112), or committed a violation of section 102(b)(5) of the Act [42 U.S.C. § 12112(b)(5), which requires reasonable accommodation of disabilities], against an individual, the complaining party may recover compensatory and punitive damages as allowed in subsection (b) of this section, in addition to any relief authorized section 706(g) of the Civil Rights Act of 1964 [42 U.S.C. § 2000e-(5)g], from the respondent.

*Id*. Importantly, while Sections 12112 and 12112(b)(5) are specifically listed in this statutory excerpt, Section 12203 is not.

While federal courts are divided on the question, a significant number of cases at both the appellate and trial court level have held that the anti-retaliation provisions of the ADA do not authorize the award of compensatory and punitive damages, including the cases in the Eastern

and Western District of Pennsylvania.[2]  *Shellenberger,* 2006 WL 1531792, at *2; *Santana*, 2005

WL 1914654, at *2; *Baker v. PPL Corp.*, No. 09-0428, 2010 WL 419417, at *7-8 (W.D. Pa. Jan.

29, 2010) (slip copy); *Sabbrese v. Lowe's Home Centers, Inc.*, 320 F. Supp. 2d 311, 331 (W.D.

Pa. 2004).[3]  The Court of Appeals has not addressed the issue, but the trial judges in our Circuit

have adopted the analysis set forth in *Kramer v. Banc of Am. Sec., LLC*, 355 F.3d 961 (7th Cir.

2004).  *See id.*  In *Kramer*, the Seventh Circuit held that the language of Section 1981a(a)(2) was

clear, such that "a meticulous tracing of this tangle of interrelated statutes reveals no basis for

plaintiff's claims of compensatory and punitive damages in his ADA retaliation claim."  *Kramer*,

---

[2]Ms. Kozempel contends that "[t]he Second, Eighth and Tenth Circuits have upheld awards of compensatory and punitive damages in ADA retaliation cases."  (Opp. at 8 (citations omitted).)  However, while the decisions cited by Ms. Kozempel–none of which have any precedential authority in this Circuit–did indeed affirm verdicts providing for such damages, they were not faced with and did not discuss the substantive question of whether such damages were appropriate under an ADA retaliation claim.  *See Shellenberger*, 2006 WL 1531792, at *4 n.4 ("Other courts have reached the same conclusion [as those cited by Ms. Kozempel] ... while providing little, if any, analysis of the issue....").

[3]*See, e.g., Alvarado v. Cajun Operating Co.*, 588 F.3d 1261 (9th Cir. Dec. 11, 2009); *Kramer v. Banc of Am. Sec., LLC*, 355 F.3d 961 (7th Cir. 2004); *Bowles v. Carolina Cargo, Inc.*, 100 F. App'x 889 (4th Cir. 2004); *Rhoads v. FDIC*, 94 F. App'x 187 (4th Cir. 2004); *Miles-Hickman v. David Powers Homes, Inc.*, 613 F. Supp. 2d 872 (S.D. Tex. 2009); *EEOC v. Faurecia Exhaust Sys., Inc.*, 601F. Supp. 2d 971 (N.D. Ohio 2008); *Arredondo v. S2 Yachts*, 496 F. Supp. 2d 831 (W.D. Mich. 2007); *Ajuluchuku v. Bank of Am. Corp.*, No. 06-0060, 2007 WL 952015 (W.D.N.C. Mar. 27, 2007) (unpublished); *Baugher v. City of Ellensburg*, No. 06-3026, 2007 WL 585627 (E.D. Wash. Mar. 19, 2007) (unpublished); *Ajuluchuku v. S. New England Sch. of Law*, No. 05-0251, 2006 WL 2661232, at *19 (N.D. Ga. Sept.14, 2006) (unpublished); *Cantrell v. Nissan N. Am., Inc.*, No. 03-0082, 2006 WL 724549, at *1-2 (M.D. Tenn. Mar. 21, 2006) (unpublished); *N.T. v. Espanola Pub. Schs.*, No. 04-01415, 2005 WL 2005 WL 5840479 (D.N.M. May 20, 2005) (unpublished); *Sink v. Wal-Mart Stores, Inc.*, 147 F. Supp. 2d 1085, 1100-01 (D. Kan. 2001); *Boe v. Allied Signal Inc.*, 131 F. Supp. 2d 1197, 1202-03 (D. Kan. 2001); *Brown v. City of Lee's Summit*, No. 98-CV-0438, 1999 WL 827768, at *2-4 (W.D. Mo. June 1, 1999).

355 F.3d at 965 (internal quotation omitted).  This Court agrees, and echoes the Honorable

Lawrence F. Stengel in *Santana*:

> Section 1981a(a)(2) expands the available remedies 'against a respondent who engaged in unlawful intentional discrimination ... under ... section 102 of the [ADA] or committed a violation of section 102(b)(5) of the [ADA] ...' 42 U.S.C. § 1981a(a)(2).  It does not extend these remedies to violations of § 12203.  'When legislation expressly provides a remedy or remedies, courts should not expand the coverage of the statute to subsume other remedies.... This principle of statutory construction reflects an ancient maxim–*expressio unius est exclusio alterius*.'  *Nat'l R.R. Passenger Corp. v. Nat'l Ass'n of R.R. Passengers*, 414 U.S. 453, 458 (1974).  Because the anti-retaliation provision, § 12203, was not listed in § 1981a(a)(2), compensatory and punitive damages are not available to the plaintiff for her ADA retaliation claim.

*Santana*, 2005 WL 1914654, at *2.[4]

> The Court will therefore grant Grand View's Motion.  An appropriate Order follows.

---

[4]Like Judge Stengel, however, I too feel compelled to note my agreement with the *Sink* court's observation that "'while the court can discern no logic in a rule that precludes an award of compensatory and punitive damages in an ADA retaliation case when such damages are available in Title VII retaliation cases, the court is nonetheless confined to the construction of the statute. And while the court cannot say whether Congress intended such a rule or whether the rule is simply the result of an oversight by Congress, it is an issue that Congress should address.'" *Santana*, 2005 WL 1914654, at *2 (quoting *Sink*, 147 F. Supp. 2d at 1101)).